**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT HAMPL and<br>MAUREEN COULOMBE<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS et al.<br><br>Defendants. | Civil Action No.:<br>10-3584 (PGS)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

    This matter comes before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively a motion for summary judgment. Plaintiffs, Scott Hampl and Maureen Coulombe, filed a civil rights complaint alleging that Defendants violated Hampl's right under the Eighth Amendment to the United States Constitution, with jurisdiction deriving from 42 U.S.C. § 1983 and 42 U.S.C. § 1997e, and New Jersey tort law. Because the Court's analysis extends beyond Plaintiffs' Complaint and takes into consideration evidence submitted by Defendants, the Court will address Defendants' motion as one for summary judgment. For the reasons set forth below, Defendants' motion for summary judgment is granted. [Docket Entry No. 32].

I.

    Plaintiff, Scott Hampl, a former inmate within the New Jersey Department of Corrections ("NJ DOC"), and his mother Maureen Coulombe (collectively "Plaintiffs") have brought this suit against the NJ DOC, the Mountainview Youth Correctional Facility ("Mountainview"), NJ DOC Officer Thurgood, NJ DOC Officer DeRosa, and Susan Salvatore, the administrator of

Mountainview (collectively, "Defendants"). Hampl is a former prisoner who had been incarcerated at Mountainview from May 1, 2008, through August 7, 2008, when he was administratively transferred to the Mid-State Correctional Facility ("Mid-State") in Wrightstown, New Jersey. Pl.'s Stmt. Mat. Fact ¶ 15. Plaintiffs allege that on July 6, 2008, Hampl told Officer Thurgood at Mountainview that a prison gang intended to attack him. On July 13, 2008 and again on July 14, 2008, a prison gang at Mountainview attacked Hampl with homemade weapons in an area of the general population unit. On July 13 and 14, 2008, Officer Thurgood supervised the general population unit at Mountainview. Officer DeRosa's shift immediately succeeded Officer Thurgood's shift.

Plaintiffs allege that Officer Thurgood acted with deliberate and callous indifference to the threats against Hampl. Plaintiffs also allege that Officer Thurgood purposely failed to apprise his supervisors of the threats against Hampl. Plaintiffs further allege that Defendants purposely failed to intervene in the matter. Plaintiffs allege that Officer Thurgood and Officer DeRosa purposely failed to have Hampl immediately treated for injuries he sustained during the assault. Hampl maintains that he has permanent injuries that require ongoing medical treatment. Additionally, Plaintiffs allege that Defendants purposely kept the news of Hampl's attack from his mother, causing her anxiety and stress.

On July 13, 2010, Plaintiffs filed the present suit in this Court while incarcerated at Bayside State Prison. On May 13, 2011, Defendants filed a motion to dismiss under Rule 12(b)(6) or, in the alternative, a motion for summary judgment.

## II.

Defendants have moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) or alternatively for summary judgment. If, on a motion under Fed.R.Civ.P. 12(b), matters outside

the pleadings are not excluded by the court, the motion must be treated as one for summary judgment. When a motion to dismiss has been alternately framed as a motion for summary judgment and the nonmoving party has submitted evidence extraneous to its pleadings, the Court need not provide the parties with express notice of conversion. *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 288-89 (3d Cir. 1999); *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996). In the instant matter, the Court will analyze Defendants' motion using the legal standard for summary judgment. Plaintiffs had notice that Defendants' motion to dismiss was framed in the alternative as a motion for summary judgment and did not object to the submission of materials outside of the pleading. Moreover, Plaintiffs submitted their own statement of material fact pursuant to Local Rule 56.1.

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004). The non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

However, the party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Id.* at 248. "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor, that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 F. App'x. 222, 227 (3d Cir. 2007).

III.

Plaintiffs argue that under Section 1983, Hampl's Eighth Amendment right was violated when Defendants acted with deliberate and callous indifference in failing to report threats against him, failed to intervene when he was attacked on two separate occasions, and failed to have him immediately treated for his injuries. Defendants argue that Hampl did not exhaust his administrative remedies while in prison. Defendants represent that NJ DOC facilities employ an administrative grievance process, the Inmate Remedy System Form ("IRSF"), whereby inmates may raise problems or concerns they may have to prison administrators. The process is outlined in the NJ DOC Inmate Handbook ("Handbook").

During his incarceration at Mountainview, Defendants note and Plaintiffs acknowledge that Hampl did not file any IRSFs to invoke the administrative process. While incarcerated at Mid-State, however, Hampl filed at least seventeen IRSFs between August 31, 2008 and June 2, 2010. In the IRSFs Hampl filed, he expressed dissatisfaction with his medical treatment in connection with the July 2008 assaults, but he did not raise any of the complaints that Plaintiffs

now raise in the instant matter. Accordingly, Defendants argue that summary judgment should be granted in their favor because of Hampl's failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997, the Prison Litigation Reform Act ("PLRA")..

Section 1983 Claim

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

To properly state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

Exhaustion of Administrative Remedies

The PLRA requires prisoners asserting a claim under 42 U.S.C. § 1983 to first exhaust administrative remedies. 42 U.S.C. § 1997e(a). Specifically, § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement applies to prisoners who were in custody at the time of filing the original complaint. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. If a failure to exhaust administrative remedies is shown, a motion to dismiss or motion for summary judgment may be properly granted, depending on the circumstances of the case. *Terrell v. Benfer*, 429 F. App'x 74, 77 (3d Cir. 2011); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Summary judgment is appropriate where the court relies on matters outside the pleadings which demonstrates a failure to exhaust. *Camp v. Brennan*, 219 F.3d 279, 280 (3d Cir. 2000).

Prisoners must exhaust all available administrative remedies, even where the relief sought cannot be granted by the administrative process. *Booth v. Churner*, 532 U.S. 731, 734, 739 (2001). Section 1997e(a) contains no futility exception that would excuse a failure to exhaust. *Id.* at 741 n. 6. Additionally, Section 1997e(a) requires "proper exhaustion," as that term is used in administrative law. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Compliance with prison grievance procedures is sufficient to properly exhaust. *Jones v. Bock*, 549 U.S. 199, 218 (2007). It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Id.*

The Third Circuit has held that the grievance procedure set forth in the Handbook is an "administrative remedy" within the meaning of the PLRA exhaustion provision and must be exhausted before a prisoner may pursue a section 1983 claim involving prison conditions and incidents. *Concepcion v. Morton*, 306 F.3d 1347, 1354-55 (3d Cir. 2002). NJ DOC provides Handbooks for inmates pursuant to N.J. Admin. Code §§ 10A:8–1.1 to –3.6. New Jersey law

requires NJ DOC prisons to provide inmates with an orientation session within three weeks of admission "unless compelling security or safety reasons dictate otherwise, or to do so would adversely affect the orderly operations of the correctional facility." N.J. Admin. Code § 10A:8-2.3(a). Mountainview's Handbook sets forth information about the IRSF, which is used to provide a confidential procedure for "resolving present issues, concerns, or complaints." Def.'s Supp. Br., Dilt's Decl., Ex. A.  Additionally, the Handbook provides that the prisoner may appeal a staff response to the IRSF within ten days of the date the staff response is returned to the prisoner. *Id.*  An appeal with a decision rendered completes the process at the institutional level.  The Handbook explicitly states: "You are required to use the Inmate Remedy System before applying to the courts for relief." *Id.*

In the instant matter, federal law and the Handbook required Hampl to exhaust all available administrative remedies. The record provided by Defendants shows that Hampl did not file an IRSF with regard to the claims in Plaintiffs' Complaint.  Instead, Hampl filed a complaint in this Court while he was in custody at Bayside State Prison.  Hampl asserts that Defendants never informed him of the administrative procedures to be followed in the event of an assault by other inmates and even if they had, it was his understanding that once he was administratively transferred to Mid-State there was no longer any administrative basis or procedure to submit additional IRSFs regarding an incident at Mountainview. Opp'n Br. 9-10.  However, as noted above, 42 U.S.C. § 1997e(2) contains no futility exception that would excuse Hampl's failure to exhaust. *Booth*, 532 U.S. at 741 n. 6.  Moreover, the record demonstrates that a procedure for administrative relief was not only available but familiar to Hampl, as he filed at least seventeen grievances over the span of his incarceration.  It is undisputed that Hampl did not exhaust all administrative remedies available to him, as required by the PLRA, to state a viable claim.

Hampl's failure to exhaust administrative remedies available through the NJ DOC concerning the attacks at Mountainview bars him from obtaining legal relief on his Section 1983 claim.

Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Oras v. City of Jersey City*, 328 F. App'x 772, 775 (3d Cir. 2009). Having dismissed Plaintiffs' federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, pursuant to 28 U.S.C. § 1367(c)(3).

ORDER

This matter having come before the Court on defendant's motion for summary judgment [Docket Entry No. 32], and this Court having considered the parties' written submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and for the reasons stated above;

IT IS on this 27th day of March, 2012,

ORDERED that the defendants' motion to for summary judgment is GRANTED; and it is further

ORDERED that the Clerk is directed to close this case.

*s/Peter G. Sheridan*<br>PETER G. SHERIDAN, U.S.D.J.